**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 MAY 24 P 9:40

[signature]

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RYAN JARROD STANFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 604-149 |
| ) | |
| HUGH SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

---

Plaintiff commenced the captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 764 F.2d 782, 785 (11th Cir. 1984). Also, as Plaintiff is proceeding *pro se*, the Court will construe his complaint liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*); however, the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For the reasons below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and therefore **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**.

**I. BACKGROUND**

On March 11, 2005, the Court ordered Plaintiff to file an amended complaint. (Doc. no. 16). The Court did so because Plaintiff had filed eight (8) different documents (for a total of 165 pages), each containing allegations and various exhibits (mostly prisoner grievances)

which Plaintiff apparently wished to serve together as his complaint (Doc. nos. 1, 9-15). The Court instructed Plaintiff to file a single, consolidated complaint, warning him to "include all of his allegations in one document," because "the amended complaint [would] supersede and replace in its entirety the previous complaint filed by Plaintiff." (Doc. no. 16, p. 3). Given Plaintiff's proclivity for providing unnecessary verbiage, the Court also imposed a length limitation, and urged him not to "recount the events in question in exhaustive detail or constantly repeat the same allegations on page after page." (Id. at 4). The amended complaint is now before the Court. (Doc. no. 18).

Upon review of Plaintiff's amended complaint, the Court finds the following. Although Plaintiff's previous filings were unnecessarily long, the amended complaint's allegations are so conclusory as to be devoid of merit. Plaintiff alleges, *with no explanation or supporting factual assertions*, that Defendants: 1) used excessive force against him, 2) unlawfully housed him in administrative segregation, 3) denied his "request to file for transfer," 4) improperly took part in resolving grievances Plaintiff had filed against them, 5) "fabricated" disciplinary reports, and 6) "harassed" Plaintiff. (Doc. no. 18, p. 5). The Court dispenses of the matter as follows.

## II. DISCUSSION

### A. Excessive Force Claim

In his amended complaint, Plaintiff avers that Defendants engaged in an "unnecessary use of excessive force." (Doc. no. 18, pp. 5, 7). Plaintiff does not indicate when this alleged incident occurred, what occurred, who participated in the incident, or whether he suffered any physical injury. In his original complaint, Plaintiff alleged that an unnamed "cert team"

2

sprayed his face with mace, entered his cell, and beat him on September 27, 2004, causing various physical injuries. (Doc. no. 1, p. 12). However, Plaintiff makes no reference to any of these allegations in his amended complaint, nor does he make any reference to his original complaint.

As mentioned above, Plaintiff was specifically instructed that his amended complaint would replace any prior pleading. (Doc. no. 16, pp. 2, 3; see also Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also instructed Plaintiff: 1) to "include all of his allegations in one document," and 2) to "include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred." (Doc. no. 16, pp. 3, 4). Plaintiff has not done so.

In short, Plaintiff's amended complaint alleges no facts from which to suppose that any of the named defendants used excessive force against him or caused him to suffer any physical injury. Plaintiff's mere invocation of the words "excessive force" is insufficient to state a claim upon which relief may be granted.[1] See Farmer v. Brennan, 511 U.S. 825, 834

---

[1] The Court is aware that no "heightened pleading requirement" exists in cases against entities which cannot raise qualified immunity as a defense--however, civil rights claims brought against individual officials must contain some *facts* upon which to determine whether a constitutional right has been violated. Swann v. Southern Health Partners, 388 F.3d 834, 837-38 (11th Cir. 2004). *Pro se* prisoners are not excepted from this requirement. McCain v. Scott, 9 F. Supp.2d 1365, 1369 (M.D. Ga. 1998). The Court will not direct service of Plaintiff's complaint where Plaintiff has alleged no facts beyond conclusory accusations.

(1994)(delineating when use of force becomes excessive and violates the Eighth Amendment's proscription of cruel and unusual punishment); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)(explaining that Prison Litigation Reform Act "precludes a prisoner from bringing a federal civil action 'for mental or emotional injury suffered while in custody without a prior showing of physical harm.'" (quoting 42 U.S.C. § 1997e(e))); Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)(explaining that civil rights complaint against individuals must contain more than vague and conclusory accusations).

### B. Administrative Segregation, Refusal to Transfer, Grievances, and Disciplinary Reports

Plaintiff similarly alleges in his amended complaint--without providing *any* supporting assertions--that Defendants have unlawfully housed him in administrative segregation, denied him transfer to another institution, mishandled his grievances, and filed false disciplinary reports against him. (Doc. no. 16, pp. 5, 7-12). Each of these unelaborated claims fails to state a claim as listed in the amended complaint.

First, the mishandling of a prisoner's grievances *alone* does not give rise to a claim of constitutional magnitude that is cognizable under § 1983. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989)(*per curiam*); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987); Rienholtz v. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). The same is true of filing a false disciplinary report, placing an inmate in administrative segregation, and transferring or refusing to transfer an inmate. If these actions are taken in retaliation for a

prisoner's exercise of his First Amendment rights, in violation of his due process rights, or otherwise in violation of some *constitutional* right, they may form the basis for a cognizable claim--but Plaintiff has alleged no facts demonstrating that any of his rights have actually been violated.[2] Accordingly, Plaintiff also fails to state a claim upon which relief may be granted as to these claims as well.

## C. Harassment

Finally, Plaintiff brings an unspecified "harassment" claim. (Doc. no. 16, pp. 5, 13). Without any supporting allegations or even a description of this "harassment," the Court cannot sanction the claim. The Court's obligation to construe the complaint liberally does not give it "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Liberal construction also does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). In other words, the Court will not imagine a factual basis for a purported claim when Plaintiff has not provided *any* allegations himself--nor will the Court search Plaintiff's

---

[2] Inmates generally do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Likewise, the mere placement of an inmate in administrative segregation is not in itself unlawful. Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987). Finally, the filing of a false disciplinary report does not give rise to a constitutional claim unless the Plaintiff can show that he has actually been denied due process or that the report was filed for retaliatory reasons. See McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999); Rodgers v. Singletary, 142 F.3d 1252, 1252-53 (11th Cir. 1998)(*per curiam*)(upholding district court's dismissal of prisoner's claims related to false disciplinary report and related stay in administrative confinement); Gonzalez v. Monty, 89 F. Supp.2d 1347, 1352 (S.D. Fla. 2000).

5

previously filed documents, which the Court explained to Plaintiff would be superceded by the amended complaint.

In sum, Plaintiff's amended complaint utterly fails to set forth any allegations upon which to conclude that his rights have been violated in any way. Plaintiff relies upon little more than magic words like "harassment" and "excessive force" to maintain the pendency of this suit--such will not suffice. The Court's directions with regard to the amended complaint were simple and clear, and they provide no excuse for the meritless filing now before the Court. The case is subject to dismissal for failure to state a claim.

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff has failed to state a claim upon which relief may be granted, and therefore **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 24th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Ryan Jarrod Stanford, Pro-se

CASE NO: CV604-149

DATE SERVED: May 24, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate